**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**AARON DALE MCKINNEY**                                        **MOVANT/DEFENDANT**

**v.**                                        **CRIMINAL ACTION NO. 1:23-CR-48-GNS**

**UNITED STATES OF AMERICA**                                        **RESPONDENT/PLAINTIFF**

**MEMORANDUM OPINION**

Movant Aaron Dale McKinney filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DN 52).[1]  In the motion, McKinney maintains that he is entitled to release at this time.  The Court directed the United States to file a response (DN 56).  The United States filed a response (DN 58), and McKinney filed a reply (DN 76).

The motion is currently before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts.  Under Rule 4(b), "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  For the reasons that follow, the motion will be denied.

**I.**

As background, McKinney pleaded guilty to possession of a firearm by a prohibited person (DN 34).  On January 31, 2025, this Court sentenced him to a term of 71 months of imprisonment, which was adjusted downward by 23 months and 9 days to reflect time served in Metcalfe County for a total of 47 months and 21 days of imprisonment (*Id.*).  The Court imposed the federal sentence

---

[1] McKinney actually filed two § 2255 motions (DNs 51 and 52).  In his reply (DN 76), McKinney clarifies that his second § 2255 motion (DN 52) replaced his first § 2255 motion (DN 51).  Therefore, the Court will only address the second-filed § 2255 motion herein, but the determination applies to both pending motions.

to run concurrently with any undischarged term of state imprisonment imposed by the Metcalfe

and Barren Circuit Courts (*Id.*).

**II.**

In support of the § 2255 motion, McKinney states as follows:

> I took 10 years in state is same arrest as this. Was sent back to County Jail Feb. 4, 2025 told by Marshalls don't owe you anything else since the judge ran it concurrent with state. Completed SAP program in state. Made parole and lawyer telling me should be released since this is run – concurrent to state charge 00193 & 00037. Attorney also came to County Jail in Feb. 4, 2025, saying I do not owe federal sentence.[2]

(DN 52).

In the United States's response to the motion, it argues that as part of McKinney's plea

agreement he waived his right to contest or collaterally attack his conviction and the resulting

sentence under 28 U.S.C. § 2255 unless the motion was based on claims of ineffective assistance

of counsel or prosecutorial misconduct (DN 58). The United States argues that McKinney's

waiver in the plea agreement is valid and that McKinney is limited to claims of ineffective

assistance of counsel and/or prosecutorial immunity. (*Id.*). Because the instant § 2255 motion

does not raise either of these grounds, the United States argues that the motion should be denied

(*Id.*).

McKinney filed a reply, in which he states as follows:

> After the sentencing in both Federal and State Court, the advise from counsel was that the remaining 41 months 21 days were to be run concurrent with the state cases. Barren County Circuit Court had a 5 year sentence imposed, with 529 days credited to the sentence. This jailtime credit given by the State judge was credited to the sentence that was ordered to run concurrent with the state sentence. This resulted in 1 year 154 days not being calculated into the time the Petitioner has served, as all the sentences were ordered to run concurrent.

---

[2] In addition to the instant § 2255 motion, McKinney has filed three other motions raising the same argument–a motion to correct a clerical error pursuant to Rule 36 (DN 54); a motion for clarification of sentence (DN 63); and a motion for compassionate release under 18 U.S.C. § 72 (DN 72).

> Counsel failed to correct any of these calculations.  This not only meets the performance prong under <u>Strickland</u>,[3] but the prejudice prong as well since the Petitioner is now incarcerated beyond what the court's intentions were. [] When properly calculated, the Petitioner's sentence would require immediate release, or release to a half-way house.

(DN 76).  McKinney further states, "Counsel was further ineffective by failing to explain how a concurrent sentence works.  The advise counsel gave to the Petitioner was that as soon as the state sentence concluded the federal sentence would also terminate" (*Id.*).  He continues, "Counsel has failed to file on behalf of the Petitioner to ensure that he is not over incarcerated.  Counsel has failed in his fiduciary duty to the Petitioner and has put his own interest ahead of his client" (*Id.*).

### III.

McKinney pleaded guilty under Rule 11(c)(l)(B) of the Federal Rules of Criminal Procedure to possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(l) and 924(a)(8) (DN 24).  The plea agreement provided, "The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument" (*Id.*).

"It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable." *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)); *see also United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017) ("We will enforce an appeal waiver included in a plea agreement when the agreement is made knowingly and voluntarily.") (citations omitted).  McKinney makes no argument that his waiver was not knowing and voluntary.  At the change-of-plea hearing, the Court found that

---

[3] McKinney cites *Strickland v. Washington*, 466 U.S. 668 (1984), which provides that to prove ineffective assistance of counsel, a defendant must prove that counsel performed in an objectively deficient manner and that the deficient performance was prejudicial.  *Id.* at 687.

McKinney was competent to enter his plea and that the plea was knowing, voluntary, and with the advice of counsel (DN 25).  McKinney advised the Court that he understood and waived his constitutional rights as described in the agreement.  Therefore, McKinney is barred by the waiver provision from bringing the instant § 2255 motion.  *See, e.g.*, *United States v. Cannon*, No. 1:18-cr-454, 2024 U.S. Dist. LEXIS 116397, at *7 (N.D. Ohio July 1, 2024) (plea agreement's waiver provision forfeiting right to collaterally attack his conviction or sentence barred the movant's § 2255 motion).

In his reply, McKinney for the first time attempts to cast his argument as a claim for ineffective assistance of counsel.  However, "[i]t is well-established that a party, including a movant in a motion under § 2255, may not raise an argument for the first time in a reply brief." *United States v. Jones*, No. 5:14-CR-119-JMH, 2018 U.S. Dist. LEXIS 178459, at *13 (E.D. Ky. Oct. 17, 2018) (citations omitted); *see also* Rule 2(b)(1) of the Rules Governing Section 2255 Proceedings for the United States District Courts (The motion must "specify all the grounds for relief available to the moving party.").  Therefore, the Court declines to address the arguments raised in the reply because they were waived and the government has had "no opportunity to respond to these new claims." *United States v. Jones*, 2018 U.S. Dist. LEXIS 178459, at *13.

Moreover, the Court notes that even if McKinney had not waived his right to collaterally attack his sentence, his motion is improper.  Plaintiff requests recalculation of his sentencing credit. Claims challenging the execution of a prisoner's sentence by the Bureau of Prisons, including the calculation of credit for time served, are not brought before the sentencing court under 28 U.S.C. § 2255 but are properly brought as a habeas action under 28 U.S.C. § 2241 in the judicial district in which the prisoner is confined. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their

4

sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served"); *see also Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Accordingly, McKinney's challenge to the execution of his sentence may not be brought under § 2255.

For these reasons, the Court will deny the § 2255 motion and dismiss this action by separate Order.

**IV.**

In the event McKinney appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id*. at 484. In such a case, no appeal is warranted. *Id*. This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:   June 12, 2026

Greg N. Stivers, Judge
United States District Court

cc:     Movant, *pro se*
        United States Attorney
4416.010